535 F.2d 355
 92 L.R.R.M. (BNA) 2728, 78 Lab.Cas. P 11,417
 JEFFERSON CONCRETE COMPANY, Plaintiff-Appellant,
v.
GENERAL DRIVERS, WAREHOUSEMEN AND HELPERS LOCAL UNION NO.
89, Affiliated With International Brotherhood of
Teamsters, Chauffeurs, Warehousemen and
Helpers of America, Defendant-Appellee.
 No. 75-1979.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 5, 1976.
Decided May 14, 1976.
 
 Edgar A. Zingman, Sheryl G. Snyder, Wyatt, Grafton & Sloss, Louisville, Ky., for appellant.
 George H. Logan, Hardy, Logan & Hastings, Louisville, Ky., for appellee.
 Before EDWARDS and McCREE, Circuit Judges and RUBIN,* District Judge.
 PER CURIAM.
 
 
 1
 Appellant, Jefferson Concrete Company, appeals from an order sustaining and enforcing an arbitrator's award in favor of a labor union in an action based on § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Appellant company sells ready-mix concrete to the Louisville construction industry. It entered into a collective bargaining agreement with its truck drivers on December 27, 1973. The contract provided for arbitration as the final step in the grievance procedures. A Seasonal Stabilized Board clause provided that the company cannot call in fewer than 70% of its regular drivers in the summer, 50% in the spring, or 30% in the winter. A grievance arose when the company laid off 17 drivers on September 6, 1974, which left only 20 employees, although the seasonal clause would have required a minimum of 26 of a total of 38.
 
 
 2
 The grievance procedures were pursued and the arbitrator selected by the parties sustained the grievance and the District Court upheld the award. The issues presented on appeal are: 1) whether the award departs entirely from the contract, and 2) whether the clause in question violates 8(b)(6) of the Taft-Hartley Act, 29 U.S.C. § 158(b)(6) (1970). The arbitrator did not decide the second issue.
 
 
 3
 To the extent that this appeal presents the argument that the arbitrator's award is unenforceable because it is not consistent with the collective bargaining contract and does not draw its "essence" therefrom, we affirm for the reasons set forth in the opinion of the United States District Judge, dated April 21, 1975.
 
 
 4
 On this appeal (in contrast to the case as presented before the arbitrator) appellant, Jefferson Concrete Company, also argues that the arbitrator's award should be set aside because Article 9, Section 13 of the Labor-Management Agreement as construed by the arbitrator violated the Antifeatherbedding Statute, 29 U.S.C. § 158(b)(6) (1970). However, we read the facts in this record as indicating that there is no showing that this employer would be forced by the arbitrator's award to pay anyone for not working. The award required only six employees to be returned and showed that those retained were working overtime. We therefore defer any decision in relation to the issue sought to be presented here concerning 29 U.S.C. § 158(b)(6) (1970), for a case which factually requires its resolution.
 
 
 5
 The judgment of the District Court is affirmed.
 
 
 
 *
 Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation